IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

JOSÉ MARTINEZ,

    Plaintiff,

vs.     No. _____

GREAT WEST CASUALTY CO., a Nebraska corporation,
M&M AND SONS, a Colorado corporation,
JAMES TYLER, a resident of Colorado,

    Defendants.

## COMPLAINT

Plaintiff, José Martinez, through his attorneys of record, McGinn, Carpenter, Montoya & Love, P.A., for his complaint against Defendants Great West Casualty Co, M&M and Sons, Inc., and James Tyler for Negligence, Negligence Per Se, Negligent Entrustment, and Respondeat Superior, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff José Martinez is, and was at all times pertinent hereto, a resident and domiciliary of Albuquerque, Bernalillo County, New Mexico.

2. Upon information and belief, Defendant Great West Casualty Co. is a Nebraska corporation.

3. Upon information and belief, Defendant Great West Casualty Co.'s agent for service of process is Hugh H. Fugleberg, 1100 West 29th Street, South Sioux City, NE 68776.

4. Upon information and belief, Defendant M&M and Sons, Inc. is a Colorado corporation doing business in New Mexico.

1

5. M&M and Sons' agent for service of process is Manuel A. Monje, 3603 Myrtle St., Greely, CO, 80620.

6. At all times pertinent hereto, Defendant M&M and Sons was acting through its employees or agents, who were acting in the course of their employment, and is responsible for their acts and omissions under the doctrines of agency or *respondeat superior*.

7. Upon information and belief, Defendant Tyler is a resident of Franktown, Douglas County, Colorado.

8. At all times pertinent to this Complaint, Defendant James Tyler was an agent or employee of Defendant M&M and Sons.

9. Upon information and belief, at all times pertinent to this Complaint, Defendant Great West Casualty Co. insured Defendant M&M and Sons for bodily injury and property damage liability surrounding the operation of the truck involved in this collision.  Because Great West Casualty Co. provided compulsory liability insurance at the time of the crash, Great West Casualty Co. is a real party in interest under Raskob v. Sanchez, 1998-NMSC-45, 126 N.M. 394.

10. All of the events giving rise to this event occurred in Albuquerque, Bernalillo County, New Mexico.

11. This Court has personal jurisdiction over all the named parties.

12. This Court has subject matter jurisdiction over this matter.

13. Venue is proper in this court.

## APPLICABLE LAW

14. New Mexico's laws requiring safe operation of vehicles apply to this case because the crash at issue occurred on a roadway in Albuquerque, New Mexico.

## FACTUAL BASIS

### Safety Rules for Truck Drivers

All previous paragraphs are incorporated herein by reference.

15.     Semi-trucks often weigh 25 times what a passenger car or truck weighs, so when they collide with other vehicles on the roadway, they can cause death or very serious injuries to other drivers.

16.     Truck drivers on New Mexico roadways must give their full attention when they are operating their trucks.

17.     Truck drivers must exercise caution for the safety of other drivers.

18.     Truck drivers must obey the speed limit to protect other drivers.

19.     Truck drivers must obey traffic signals.

20.     Truck drivers must operate their trucks on New Mexico roadways with due care to avoid collisions with other vehicles on the roadway.

21.     A driver who is inattentive to the roadway and to traffic signals and acting without due regard for the safety of other drivers is driving carelessly and recklessly.

22.     A driver has the right to assume that other drivers will obey the law on the roadways.

### Defendant Tyler's Conduct

All previous paragraphs are incorporated herein by reference.

23.     On the morning of February 1, 2012, Defendant Tyler was driving his truck west on the frontage road coming from Interstate 40.

24.     Plaintiff José Martinez was driving his small Nissan pickup truck north on Northwest Second Street.

25. There is a traffic light at the intersection of frontage road Northwest Second Street.

26. Immediately before the collision, Plaintiff Martinez had a green light and attempted to drive through the intersection, following at least two other cars ahead of him.

27. Defendant Tyler drove through a red light, heading west, into the intersection of frontage road and Northwest Second Street.

28. Defendant Tyler crashed his truck into Plaintiff Martinez's pickup truck.

29. The force of Defendant Tyler's truck pushed Plaintiff Martinez's pickup truck 200 feet west on frontage road.

30. As a result of the crash, Plaintiff Martinez lost consciousness and suffered severe physical injuries that required him to be rushed to the hospital.

**Defendant M&M and Sons, Inc.**

All previous paragraphs are incorporated herein by reference.

31. Trucking companies that make money by contracting to haul loads on highways and roadways must ensure that their drivers are safe drivers.

32. Such trucking companies must have appropriate policies, procedures and training in place to ensure they do not needlessly endanger the public while hauling loads on highways and roadways.

33. Upon information and belief, at all times pertinent hereto, Defendant Tyler was either an employee or agent for Defendant M&M and Sons, Inc.

34. Upon information and belief, at all times pertinent hereto, Defendant M&M and Sons had either:

    a. hired Defendant Tyler to drive trucks and transport shipments from Albuquerque, New Mexico to Colorado; or

    b. leased Defendant Tyler's services and his truck to transport shipments from Albuquerque, New Mexico to Colorado.

35. Upon information and belief, at all times pertinent hereto, Defendant M&M and Sons had exclusive possession, control and use of the truck driven by Defendant Tyler.

36. On the side of Defendant Tyler's truck, there was the decal: "Leased to: M&M and Sons, Evans CO, 970 -339-4701."

37. Defendant M&M and Sons is responsible for the actions of Defendant Tyler while Tyler was driving the shipment from Albuquerque, New Mexico to Colorado, including when he caused the collision with José Martinez.

38. Defendant Tyler was working for M&M and Sons when he crashed his truck into José Martinez's truck.

**Defendant Great West Casualty Co.**

All previous paragraphs are incorporated herein by reference.

39. At all times pertinent hereto, Defendant Great West Casualty Co. was the primary bodily injury and property damage insurer for the trucks of Defendant M&M and Sons.

40. At all times pertinent hereto, Defendant Great West Casualty Co. insured the truck driven by Defendant Tyler while he was transporting cargo in Albuquerque, New Mexico for Defendant M&M and Sons.

41. At the time of the collision, Defendant Great West Casualty Co. had in effect an insurance policy to cover bodily injury and property damage arising from the operation of the truck by Defendant Tyler.

42. Defendant Great West Casualty Co. is responsible to Plaintiff for the acts and omissions of its insured.

**Plaintiff Jose Martinez's damages**

43. Mr. Martinez suffered a large laceration to his head, multiple abrasions, cervical spine fractures and other physical injuries.

44. Mr. Martinez has lost past earnings and will lose future earnings and has a diminished capacity to earn future income.

45. Mr. Martinez has incurred medical expenses and will have future medical expenses.

46. Mr. Martinez has experienced pain and suffering.

47. Mr. Martinez may have permanent impairment and disability.

48. Mr. Martinez has suffered a diminished quality and enjoyment of life and ability to contribute to his household.

## COUNT I
## NEGLIGENCE PER SE BY DEFENDANT TYLER

All previous paragraphs are incorporated herein by reference.

49. At the time of the crash, Defendant Tyler was driving in violation of several New Mexico Statutes, including NMSA 1978, § 66-7-104(A) (1953); NMSA 1978, § 66-8-114(A-B) (1969); NMSA 1978, § 66-8-113(A) (1953); and NMSA 1978, § 66-7-301(B) (1953).

50. Plaintiff was in the class of persons sought to be protected by the laws governing the safe operation of motor vehicles on public roadways.

51. The injuries Plaintiff suffered were of the type the New Mexico Legislature sought to prevent through statutes governing the operation of motor vehicles.

52. Defendant was negligent *per se* in the operation of his vehicle at the time of the crash.

53. At the time of the collision, Defendant Great West Casualty Co. had in effect an insurance policy to cover bodily damage and property damage arising from the operation of the truck by Defendant Tyler.

54. Defendant Great West Casualty Co. is responsible to Plaintiff, as an injured member of the public, for the acts and omissions of its insured.

55. As a direct and proximate result of Defendant's negligence *per se*, Plaintiff suffered foreseeable injuries and damages as set forth above in paragraphs 43 through 48 and other damages to be proven at trial.

## COUNT II
## COMMON LAW NEGLIGENCE BY DEFENDANT TYLER

All previous paragraphs are incorporated herein by reference.

56. A driver must pay attention to the road, obey traffic laws and signals, and drive within the speed limit.

57. Defendant Tyler breached that duty by his acts and omissions, including one or more of the following:

   a. Disobeying traffic signals;

   b. Violating existing ordinances and statutes;

   c. Operating his truck in an unsafe manner;

   d. Failure to keep his vehicle under control;

   e. Reckless and careless driving when approaching an intersection;

   f. Speeding;

    g. Choosing not to pay attention to the roadway and disregarding the safety of other motorists.

58. At the time of the collision, Defendant Great West Casualty Co. had in effect an insurance policy to cover bodily damage and property damage arising from the operation of the truck by Defendant Tyler.

59. Defendant Great West Casualty Co. is responsible to Plaintiff, as an injured member of the public, for the acts and omissions of its insured.

60. As a result of his decision to drive too fast, run a red light and drive inattentively, Defendant Tyler crashed his semi-truck into Plaintiff Martinez's small pickup truck.

61. As a direct and proximate result of Defendant Tyler's negligent, grossly negligent, reckless and/or willful conduct, Plaintiff Martinez suffered foreseeable injuries, including the damages set forth in paragraphs 43 through 48 and other damages to be proven at trial.

### COUNT III
### NEGLIGENCE, NEGLIGENT ENTRUSTMENT, LEASE LIABILITY, AND RESPONDEAT SUPERIOR LIABILITY OF DEFENDANT M&M AND SONS, INC.

All paragraphs are incorporated herein by reference.

62. At all times pertinent hereto, Defendant M&M and Sons had exclusive possession, control and use of the truck driven by Defendant Tyler.

63. Defendants M&M and Sons hired or contracted with Defendant Tyler to operate the truck involved in the February 1st, 2012, crash that injured Plaintiff Martinez.

64. Upon information and belief, Defendant M&M and Sons knew or should have known that Defendant Tyler was likely to use the vehicle in such a manner as to create an unreasonable risk of harm to others.

65. Upon information and belief, Defendant M&M and Sons did not have adequate policies, procedures and training in place, and did not adequately ensure that its drivers were safe drivers.

66. Upon information and belief, Defendant M&M and Sons contracted and leased Defendant Tyler and his truck to transport goods from Albuquerque, New Mexico to Colorado. Alternatively, Defendant M&M and Sons hired Defendant Tyler to do this work.

67. At the time of the collision, while performing the task assigned to him by Defendant M&M and Sons, Defendant Tyler was driving a truck under the exclusive possession, control, and use of Defendant M&M and Sons.

68. As a direct and proximate result of Defendant M&M and Sons' negligent, grossly negligent, reckless or willful conduct, Defendant Martinez suffered foreseeable injury.

69. As the employer and/or lessee of Defendant Tyler and his truck when he crashed into Plaintiff Martinez , along with negligently or recklessly entrusting Defendant Tyler with a motor vehicle, Defendant M&M and Sons Inc. is liable for José Martinez's damages set forth in paragraphs 43 through 48 and other damages to be proven at trial.

## JURY DEMAND

José Martinez requests that this matter by heard by a jury of his peers.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff José Martinez requests that a judgment be entered in his favor against Defendants for compensatory damages in an amount to be proven at trial, punitive damages, costs, pre-judgment and post-judgment interest, attorneys' fees, expenses and costs of suit, and such other relief as the Court deems just and proper.

Dated: July 25, 2012

                Respectfully submitted,

**McGinn, Carpenter, Montoya & Love, P.A.**

*/s/ Kathleen J. Love*
Kathleen J. Love
Katie Curry
201 Broadway Blvd. SE
Albuquerque, New Mexico 87102
p: (505) 843-6161
f: (505) 242-8227
e: Kathy@McGinnLaw.com